# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HORATIO A. SUMRALL, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 15-CV-1217-SMY |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Horatio A. Sumrall[1] moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the Motion is **DISMISSED** for lack of jurisdiction.

### Background

In 1992, Sumrall was convicted of engaging in a criminal enterprise in violation of 21 U.S.C. § 848, conspiring to distribute cocaine in violation of 21 U.S.C. § 846, and carrying a firearm in relation to a drug offense in violation of 18 U.S.C. § 924(c) (*U.S.A. v. Artez H. Sumrall, et al.*, 3:92-CR-30004-MJR-1). He was sentenced by District Judge William D. Stiehl to 420 months' imprisonment and 10 years' supervised release (*Id*. at Doc. 374). Sumrall's sentence was reduced to 180 months' imprisonment in 1995 (*Id*. at Doc. 266). Sumrall filed his first petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on December 5, 1996 (*Sumrall v. USA*, 96-CV-1049-WDS). That Petition was denied on August 10, 1998 and his appeal was dismissed. Sumrall was released on supervised release on March 25, 2005 and a subsequent

---

[1] Sumrall is also known as "Artez H. Sumrall" and is referred as such throughout the criminal proceedings against him.

motion for early termination of supervised release was denied in 2009 (3:92-CR-30004-MJR-1 at Doc. 308).

On November 1, 2013, a Petition to Revoke Supervised Release was filed (*Id*. at Doc. 333). While that Petition was pending, Sumrall filed a "Motion to Vacate, Set Aside, or Correct Sentence of Supervised Release" pursuant to 18 U.S.C. § 3564(c), arguing his 10-year term of supervised released should have been reduced when his sentence was reduced in 1995 (*Id*. at Doc. 373). District Judge Michael J. Reagan denied the motion, revoked Sumrall's supervised release, and sentenced him to 36 months' incarceration (*Id*. at Doc. 376). Sumrall appealed that decision to the Seventh Circuit Court of Appeals which issued a Mandate and Final Judgment affirming the District Court's decision on July 15, 2015. *United States v. Sumrall*, 617 Fed.Appx. 586 (7th Cir. 2015). In his appeal, Sumrall did not argue that his supervised release term should have been reduced when his sentence was reduced in 1995.

Sumrall now files a habeas petition under 28 U.S.C. § 2255 asserting, as he did prior to his final revocation hearing, that his supervised release should have been reduced when his original sentence was reduced (Doc. 1). He also filed a motion seeking to amend his Petition, alleging he is also entitled to relief from his period of supervised release pursuant to *Dorsey v. United States*, 567 U.S. 260 (2012) and *Setser v. United States*, 566 U.S. 231 (2012).[2]

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir.

---

[2] Sumrall was directed to file an amended § 2255 Petition but failed to do so by the deadline (Doc. 5). In response to the § 2255 Petition, the government argues that it should be dismissed for failure to follow the Court's Order. According to the Bureau of Prison's website, Sumrall was released from federal custody on January 31, 2018.

2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Sumrall previously filed a § 2255 Petition and received a full round of collateral review. He had an opportunity to contest the term of his supervised release at that time but elected not to do so. "The amended section 2255 gives a convicted defendant only one further bite at the apple after his direct appeal unless he can demonstrate a compelling reason, as defined in the section (newly discovered evidence of innocence or a new and retroactive rule of constitutional law) for being allowed another bite." *In re Davenport,* 147 F.6 605, 610 (7th Cir. 1998). As such, the instant Petition is second or successive and requires prior approval from the Seventh Circuit.

Because there is no indication that Sumrall has sought permission from the Seventh Circuit to file a second or successive § 2255 Petition, this Court is without jurisdiction to consider the pending Petition, and it must be dismissed. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)). Accordingly, Sumrall's Habeas Petition under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable

or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Here, Petitioner did not obtain leave to file a successive § 2255 petition. Accordingly, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: January 24, 2020**

**STACI M. YANDLE**
**United States District Judge**